**REVERSE and REMAND and Opinion Filed April 9, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-01142-CV

## IN THE INTEREST OF Z.A.R., A CHILD

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-22-00707**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

In this restricted appeal, Mother challenges the trial court's order terminating her parental rights. In a single issue, Mother contends she received ineffective assistance of counsel because her attorney failed to appear at trial. The State concedes there is error on the face of the record requiring reversal. We agree.[1] Accordingly, we reverse the trial court's decree of termination and remand the cause for further proceedings.

---

[1] The State's concession of error does not relieve this Court of its obligation to independently determine whether the concession is based on sound analysis. *In re B.H.*, No. 05-18-00291-CV, 2018 WL 4443275, at *1 (Tex. App.—Dallas Sept. 18, 2018, no pet.) (mem. op.).

## Background

On August 26, 2022, the Department of Family and Protective Services (the "Department") filed an original petition for protection, conservatorship, and termination of Mother's parental rights to Z.A.R. The trial court appointed a guardian ad litem and a Court Appointed Special Advocate ("CASA") for the child. Breanna Griffin filed an appearance as counsel for Mother on October 20, 2022.

On May 8, 2023 Griffin filed an agreed motion for withdrawal of counsel stating that Mother no longer wanted Griffin to represent her. The trial court granted the agreed motion on May 18.

Five days later, the trial court signed a substitution order stating Mother was indigent and naming Ramiro Garcia Barron as her counsel. The order indicated there was a pretrial hearing scheduled for June 9. According to the court's docket sheet, all sides were present at the pretrial hearing and a trial date was set.

A trial before the court without a jury was conducted on August 3, 2023. The judge began by noting that the assistant district attorney, as well as a representative of the Department and the guardian ad litem were present. The judge went on to state,

> The record will also reflect that it is 2:15, this case was set for . . . trial before the court at 1:30. Mother has not appeared, mother's counsel has not appeared, and I will note that this case was set for trial – a[t] a pretrial on June 9th. Mr. [Barron] was present, and was given the notice of the setting and agreed to today's setting.

The assistant district attorney stated that, after Barron was substituted in as counsel for Mother, the State sent one or more emails asking if there was any interest in mediation and received no response. He additionally stated the State sent an email just before trial referencing the trial date and asking Barron if he would allow Mother's home to be open to an evaluation by the Department. As of the time of trial, the State had not received a response.

The trial court proceeded to hear the State's evidence and found that Mother had engaged in conduct supporting termination of her parental rights under sections 161.001(b)(1)(D) and (E) of the Texas Family Code. The court further found termination was in Z.A.R.'s best interests.

On August 14, Barron filed an unsigned motion to withdraw as Mother's counsel based on Mother's need for an appellate lawyer. One week later, on August 21, the trial court signed its written decree terminating Mother's parental rights. On September 4, the trial court granted Barron's motion to withdraw and, the next day, appointed Frank Adler as Mother's counsel on appeal.

On October 31, the trial court signed a second decree of termination. Barron then filed a second unsigned motion to withdraw as counsel. Bryan Adamson filed an appearance as Mother's counsel the same day.

On November 8, 2023, Adamson filed a motion for new trial. Two days later, Adler filed a notice of appeal on Mother's behalf. That same day, the trial court

signed an order entitled "Order to Rescind Appointment." The content of the order, however, reappointed Adler as counsel for Mother.

On November 22, this Court ordered the trial court to make a determination of which lawyer was representing Mother on appeal. In response, the trial court made a finding that Adamson was Mother's "current attorney." When contacted by this Court, Adamson stated he was hired only to draft a motion for new trial, and he did not handle appeals. Accordingly, we ordered the trial court to appoint counsel for Mother who would promptly attend to this appeal. In the order, we noted there was a question regarding our jurisdiction based on the timing of the notice of appeal and the fact that the second decree of termination was signed outside the trial court's plenary power. Because the record showed Mother did not participate at trial, either in person or through counsel, and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law, we indicated the appeal could proceed as a restricted appeal if an amended notice of appeal was timely filed.

On December 20, the trial court again appointed Adler as Mother's counsel on appeal. Adler filed a new notice of appeal on January 26, 2024 meeting the requirements for a restricted appeal and invoking this Court's jurisdiction.

## Analysis

In her sole issue on appeal, Mother contends the trial court's judgment must be reversed because she received ineffective assistance of counsel. To prevail on a restricted appeal, the appellant must demonstrate there is error on the face of the

record.  *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020).  The face of the record includes all papers on file in the appeal, including the reporter's record.  *Sims v. Dallas Cty.*, No. 05-18-00712-CV, 2019 WL 2004054, at *1 (Tex. App.—Dallas May 7, 2019, pet. denied) (mem. op.).

In Texas, an indigent parent has a statutory right to appointed counsel in a parental-rights termination case.  TEX. FAM. CODE ANN. § 107.013(a)(1).  This statutory right embodies the right to effective counsel.  *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003).  As the Texas Supreme Court has acknowledged, "[i]t would seem a useless gesture on the one hand to recognize the importance of counsel in termination proceedings, as evidenced by the statutory right to appointed counsel, and, on the other hand, not require that counsel to perform effectively."  *Id.* (quoting *In re K.L.*, 91 S.W.3d 1, 13 (Tex. App.—Fort Worth 2002, no pet.)).

In evaluating an assertion of ineffective assistance of counsel in a parental-rights termination case, we apply the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *In re J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009).  To establish ineffective assistance, a parent has the burden to show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense in a manner so serious as to deny the parent a fair and reliable trial.  *Id.* at 342.  There is "no plausible strategic reason" for trial counsel not to appear at a trial and, consequently, fail to subject the State's case to appropriate adversarial testing. *Lockwood v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-12-00062-CV,

2012 WL 2383781, at *6 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.) (citing *U.S. v. Cronic*, 466 U.S. 648, 659 (1984). Prejudice may be presumed when an indigent parent is denied counsel at a critical stage of the litigation because the adversarial process itself under those circumstances is presumptively unreliable. *Id.* at *5.

In this case, the face of the record shows that Mother's trial counsel did not appear at trial. Such a failure is not merely ineffective assistance, but a complete absence of representation. Because appointed counsel wholly failed to appear, the State's evidence was not subjected to appropriate adversarial testing, rendering the process so unreliable that a presumption of prejudice is warranted. *Id.*; *see also In re B.H.*, 2018 WL 4443275, at *4. We sustain Mother's sole issue.

We reverse the trial court's decree of termination and remand the cause to the trial court for further proceedings.

/Amanda L. Reichek/

AMANDA L. REICHEK

231142F.P05                        JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF Z.A.R, A
CHILD

No. 05-23-01142-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JC-22-00707.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's decree of termination is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

Judgment entered April 9, 2024.